IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -8 PM 3: 14

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| WALTER MCGHEE, II, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2515-Ml/V |
| OFFICER BOYCE, | X | |
| Defendant. | X | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ORDER DISMISSING COMPLAINT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On July 9, 2004, Plaintiff Walter McGhee filed a complaint under 42 U.S.C. § 1983 against Memphis Police Officer P. Boyce and the City of Memphis. On January 5, 2005, the Court dismissed Plaintiff's claims against the City of Memphis and directed that service issue on Plaintiff's claims against Officer Boyce. McGhee alleged that on May 10, 2003, he was denied access to a public park, stopped and detained without probable cause, and arrested by Officer Boyce. Plaintiff further alleged that on July 17, 2003, Officer Boyce failed to appear in city court and the charges against him were dismissed.

On February 3, 2005, Defendant Boyce filed a motion for summary judgment, along with an affidavit and memorandum in support. Plaintiff responded to the motion for summary judgment

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___8-9-05___

on March 21, 2005. The bases for Defendant's motion for summary judgment are:

1) Plaintiff has failed to state a claim under § 1983 upon which relief may be granted and Defendant is entitled to judgment as a matter of law;

2) Plaintiff's claim is barred by the statute of limitations; and

3) Defendant is entitled to qualified immunity.

The following undisputed facts appear in the record:

a. Plaintiff Walter McGhee was stopped and allegedly denied access to a public park and issued a mandatory court summons on May 10, 2003. (Pl.'s Compl.)

b. Plaintiff filed this complaint on July 9, 2004. (Pl.'s Compl.)

c. Defendant Officer Boyce was participating in a traffic saturation along with another officer on May 10, 2003. (Affidavit of Officer Boyce.)

d. On May 10, 2003, Defendant Officer Boyce observed Plaintiff's Cadillac and determined the vehicle had a cracked windshield, in violation of a city ordinance. (Affidavit of Officer Boyce.)

e. Defendant Officer Boyce motioned for Plaintiff to pull over, at which time Defendant Boyce determined Plaintiff to be in violation of state registration, vehicle inspection, and financial responsibility laws, all violations of city ordinances. (Affidavit of Officer Boyce.)

f. Some of the violations for which Plaintiff was cited require a mandatory court appearance. (Affidavit of Officer Boyce.)

g. Plaintiff was not arrested, but was issued a traffic citation, charging him with violations of state registration, vehicle inspection, financial responsibility laws and having a defective windshield.

2

       (Affidavit of Officer Boyce, Exhibit I; Exhibit to Pl.'s Resp. to Def.'s Mot. for Summ. J.)

    h.    Plaintiff was free to leave and did so after he was issued his citation. (Affidavit of Officer Boyce)

    i.    Plaintiff's citations were set for a court hearing on July 11, 2003. (Affidavit of Officer Boyce, Exhibit I)

    j.    Plaintiff's charges were dismissed on July 11, 2003. (Affidavit of Officer Boyce; Pl.'s attachment to Compl.)

The Court reviews the motion under the following standard:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "So long as the movant has met its initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact,' id. at 323, the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."

3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

The statute of limitations in Tennessee for violations of § 1983 is one year. Tenn. Code Ann. § 28-3-104(a)(3) (1988). See, e.g., Wilson v. Garcia, 471 U.S. 261 (1985); Berndt v. State of Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff's claim that he was denied access to a city park is separate and distinct from his claim that he was stopped without probable cause, arrested, and issued a traffic citation. Any determination of whether Plaintiff's civil rights were violated by the alleged denial of his access to a city park was not dependent upon the disposition of Plaintiff's ticket for violating city traffic ordinances. McGhee alleges that Defendant Boyce prevented his access to the park on May 10, 2003. A statute of limitations begins to run when the Plaintiff knows or has reason to know of the injury that is the basis of his action. Friedman v. Estate

4

of Presser, 929 F.2d 1151, 1159 (6th Cir. 1991). McGhee did not file this complaint until July 9, 2004.

Despite any conflicting, underlying factual allegations of the Plaintiff and Defendant, no genuine issue of material fact exists regarding the date on which Plaintiff's alleged deprivation - the prevention of his access to a city park - occurred. Accordingly, Defendant is entitled to judgment as a matter of law on this issue because Plaintiff's claim is untimely.

The Court next examines Plaintiff's claim that Defendant Boyce had no probable cause to stop his vehicle, temporarily detain him, or issue him a traffic citation. Defendant Boyce states by affidavit that Plaintiff had a cracked windshield which appeared to constitute an impairment or obstruction to his operation of the vehicle. Boyce further states that after walking to the rear of Plaintiff's vehicle, he observed that Plaintiff's tags were expired and upon request, Plaintiff could not produce proof of insurance. Although Plaintiff alleged in his affidavit in support of motion to proceed in forma pauperis filed simultaneously with his complaint that he was issued a summons "for some unspecified reason," the copies of his traffic citation attached as exhibits to Defendant Boyce's affidavit and to Plaintiff's response to the motion for summary judgment reflect that Plaintiff was charged with violation of state

5

registration, inspection, and financial responsibility laws, and having a defective windshield. Faced with an exhibit which supports Defendant Boyce's affidavit, rather than the allegation in Plaintiff's previous affidavit, Plaintiff contends in his response that his bill of sale, proof of registration, and proof of insurance were in the glove compartment of his car on May 10, 2003. Additionally McGhee states that, on an unspecified date, he "successfully passed inspection and [his] windshield was not defective."

The Plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. Plaintiff has not provided facts or exhibits which demonstrate the condition of his windshield on May 10, 2003, a motor vehicle inspection report predating May 10, 2003, a Shelby County certificate of vehicle registration that was current for May 10, 2003, or a certificate of insurance demonstrating that he was insured on May 10, 2003.

"[S]o long as the officer has probable cause to believe a traffic violation has occurred or was occurring, the resulting stop is not unlawful." United States v. Ferguson, 8 F.3d 385, 391 (6th Cir. 1993). Even the fact that a reasonable officer might not have stopped the vehicle for the alleged violation is not enough to make a stop illegal, as long as the officer actually observed the traffic violation alleged to be the basis

6

for the stop. Whren v. United States, 517 U.S. 806, 812-23 (1996). As long as probable cause exists, the officer's motives are irrelevant. Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988). Furthermore, that Plaintiff may have complied with the city ordinances after May 10, 2003, in order to have his case dismissed on July 11, 2003, does not vitiate the probable cause that existed at the time of the stop. Id.

Plaintiff has failed to produce facts from which a rational trier of fact could infer that the Defendant officer lacked probable cause to stop him and issue the traffic citations. Accordingly, Defendant is entitled to summary judgment as a matter of law on this issue also. Since the Court has found that Plaintiff's rights were not violated, the court need not address the issue of qualified immunity.

Plaintiff's final claim that Defendant Officer Boyce violated the "Sixth Amendment because Boyce did not appear" at traffic court is specious. To the extent the Sixth Amendment right to confront witnesses is applicable to traffic court proceedings, no statements or other evidence was presented because the citations were dismissed without a trial. Plaintiff therefore fails to state a claim under the Sixth Amendment.

Accordingly, no genuine issues of material fact exist and Defendant is entitled to judgment as a matter of law regarding all of Plaintiff's claims. Defendant's motion for summary

7

judgment is therefore GRANTED and Plaintiff's Complaint is DISMISSED.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. In this case, for the reasons expressed above, no genuine issue of material fact exists regarding Plaintiff's claims and Defendant is entitled to summary judgment as a matter of law. As reasonable jurists could not differ regarding this conclusion, the Court concludes that an appeal of this dismissal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the Plaintiff in this case. If Plaintiff files a

notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 8th day of August, 2005.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:04-CV-02515 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Walter McGhee
2810 Montague Avenue
Memphis, TN 38114

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT